O. David Natanzi, Bar No. 199983
Email: david@nlginc.com
NATANZI LAW GROUP, INC.
9911 West Pico Boulevard, Suite 1010
Los Angeles, California 90035
Telephone: (310) 201-4999
Facsimile: (310) 201-5999
Email

Attorneys for Plaintiff LINDA GUZMAN

Sabrina L. Shadi, Bar No. 205405
Email: sshadi@bakerlaw.com
Damon M. Brown, Bar No. 242265
Email: dmbrown@bakerlaw.com
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendants DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC. fka CA ONE SERVICES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| LINDA GUZMAN, an individual, | Case No. EDCV 12-1926 VAP (SHx) |
| Plaintiff, | [Before the Honorable Virginia Phillips] |
| v. | JOINT PROTECTIVE ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL AND PROPRIETARY INFORMATION |
| DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC., a Delaware Corporation; CA ONE SERVICES, INC., a Delaware Corporation; and DOES 1 through 25, inclusive, | |
| | Action Filed:    August 24, 2012 |
| | Action Removed: November 5, 2012 |
| Defendants. | Trial Date:     None |

In connection with discovery in this lawsuit, Plaintiff Linda Guzman ("Plaintiff") has sought and/or may seek or inquire about certain documents, written discovery responses, deposition testimony and other information containing confidential information, including proprietary business materials and personnel and payroll records concerning current and former employees of Defendant Delaware North Companies Travel Hospitality Services, Inc., fka CA One Services, Inc. ("Defendant") in this lawsuit. Defendant desires to protect the confidentiality, use and dissemination of such information, and to avoid piecemeal stipulations and motions.

Upon the Stipulation of Counsel for Plaintiff and Defendant (collectively, the "Parties") and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Any and all information, documents (including electronic data and communications) and materials covered by this Protective Order (hereinafter referred to as "Confidential Information"), shall be used solely in connection with conducting this litigation and for no other purpose or publication, whether directly or indirectly, and shall not be disclosed, delivered or their existence made known or exhibited to any Person (the term "Person" shall be defined herein as any natural person or business, legal or governmental entity or association of any character whatsoever, together with any and all partners, trustees, officers, directors, employees or agents thereof) except in accordance with the provisions of this Protective Order.

2. Confidential Information received from an opposing Party may be disclosed only to: (i) the attorneys, including in-house counsel, for the Parties in this litigation, and (ii) the employees and clerical assistants of, or assigned to, such attorneys, including legal assistants and paralegals, to whom it is necessary to disclose such information for purposes of this litigation. In addition, counsel for a respective Party may disclose Confidential Information they have received from an

opposing Party to: (a) actual or potential independent testifying experts or consultants; (b) third Party vendors supplying necessary services in connection with the litigation; (c) the named Plaintiff; (d) any private mediator designated by the Parties; and (e) present or former Corporate officers or employees of Defendant or of Defendant's parent company, affiliates and successors to whom it is necessary to disclose such information for purposes of this litigation; provided however, that all such persons in subsections (a) through (e) who receive Confidential Information or to whom it is disclosed must agree to be bound by the terms of this Protective Order by executing <u>Exhibit "A"</u> attached hereto prior to any disclosure of "Confidential Information" received from an opposing Party. Where Confidential Information is designated as "Attorneys' Eyes Only," counsel for a respective Party may disclose such information only to such persons in subsections (a), (b) and (d), above. A copy of Exhibit "A" must be retained by counsel for each side after its execution. No other person shall have access to Confidential Information without Court approval or the written agreement of the Parties to this Protective Order.

3. Any Party or non-party in good faith may designate Confidential Information (including, without limitation, documents, answers to interrogatories, deposition testimony or any other information or materials produced or disclosed by the Party or non-Party during discovery or any other pretrial proceedings in this action (collectively, the "Discovery Materials") as "Confidential" or "Attorneys' Eyes Only" in the manner described below, thereby giving notice that there is cause for confidential treatment of the Discovery Materials pursuant to the applicable provisions of the Federal Rules of Civil Procedure or other applicable law. All such materials so designated, including copies, summaries or abstracts, shall be treated as "Confidential" or for "Attorneys' Eyes Only." The burden shall be on the designating Party to establish the confidential treatment of such information.

4. Each page of any Discovery Materials that are to be designated as Confidential Information shall be stated on the record of any deposition or stamped or conspicuously hand-written, in ink:

CONFIDENTIAL

or

ATTORNEYS' EYES ONLY

All Discovery Materials shall be treated as Confidential Information during inspection, if marked or designated as Confidential Information as provided above, or by the agreement of the Parties. Any Discovery Materials not marked "Confidential" or "Attorneys' Eyes Only" shall be treated as Confidential Information under the Protective Order for a period of fifteen (15) business days after such production. If any Party wishes to designate such material as "Confidential" or for "Attorneys' Eyes Only," it shall notify the other Party in writing that the document is "Confidential" or "Attorneys' Eyes Only," and, thereafter, said Discovery Materials shall be treated as Confidential Information under this Protective Order. Designation of Confidential Information hereunder may be made at any time to be effective upon and after such designation. Testimony may be designated as Confidential Information in whole or in part; counsel shall designate on the record prior to or concurrently with such disclosure that it is Confidential Information, in which case each page of the portion of any transcript so designated (together with the front/cover page) shall be stamped with the foregoing legend, and all transcripts so stamped shall be maintained separately, subject to the provisions of this Order. In addition, counsel shall have twenty (20) days from receipt of any deposition, hearing or trial transcript to designate portions thereof as confidential. During this twenty (20) day period, all transcripts shall be treated as Confidential Information under this Protective Order.

5. If any Party wishes to submit Confidential Information to the Court, the submission must be filed under seal pursuant to L.R. 79-5.1 "Filing Under Seal – Procedures" and Judge Virginia Phillips' Standing Order, paragraph 11.

6. This Protective Order shall be without prejudice to the right of the Parties, in accordance with the Federal Rules of Civil Procedure and Local Rules of the Central District of California:

    (a) To submit a motion at any time to the Court regarding the question of whether any particular document or information is confidential or whether its use should be restricted;

    (b) To submit a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein; or

    (c) To submit a motion to the Court for modification of this Order based on discovery of subsequent information that the Party believes would require modification.

7. Except for as provided in paragraph 2, counsel for the parties shall keep all materials designated as Confidential Information which are received under the Protective Order secure within their exclusive possession and shall place such materials in a secure area.

8. If a party disagrees with another Party's "Confidential" or "Attorneys' Eyes Only" designation, the challenging Party must nevertheless abide by the same until the matter is resolved by agreement or by the Court. There is no time limit for disputing any "Confidential" or "Attorneys' Eyes Only" designation. If at any time a dispute with regard to a particular Confidential Information arises, the Parties shall meet and confer to resolve that issue within 10 court days of a written request

to do so by the Party challenging such designation. If the Parties cannot reach an agreement, the designating Party must move within 20 days of the conclusion of the meet and confer for a ruling from the Court on the continued application of confidential treatment of such information. The burden shall be on the designating Party to establish the confidential nature of this information. The Parties may agree, in writing, to different times to perform the items in this paragraph, or such time may be modified on application to the Court upon a showing of cause. This paragraph does not prevent a Party contesting confidentiality from filing a motion at any time permitted by applicable rules or statutes.

IT IS FURTHER ORDERED that this Protective Order shall apply to copies, duplicates, notes, memoranda and any other documents or media including verbal communications that refer, in whole or in part, to the Confidential Information covered by this Protective Order.

IT IS FURTHER ORDERED that if any Party is served with a subpoena requiring the served party to produce the originating Party's Confidential Information, notice shall be given to the originating Party promptly, and the originating party shall take reasonable steps (with which all parties shall reasonably cooperate) to ensure that such materials are not disclosed.

IT IS FURTHER ORDERED that upon final termination of the instant action, all Confidential Information, and copies, summaries or extracts thereof, shall be returned to the counsel for the Party that originally produced them within thirty (30) days, or by agreement, the non-disclosing Party may destroy all such documents or other Media with Confidential Information and counsel for the non-disclosing Party shall certify in writing that such destruction has occurred. Until such time, all provisions of this Protective Order will remain in full force and effect, unless the Parties agree otherwise in writing. This paragraph shall not be interpreted to require the return, disclosure or destruction of a Party's own

documents, which includes materials which may reference Confidential Information but are protected by the attorney-client privilege or work product doctrine.

IT IS FURTHER ORDERED that counsel for the Parties to this Protective Order shall not, for themselves or for any person acting on their behalf, make more copies or reproductions of Confidential Information than are reasonably necessary for the conduct of this litigation.

IT IS FURTHER ORDERED that nothing contained in this Protective Order shall preclude the use of Confidential Information at trial or at depositions, provided that such Confidential Information be so used in accordance with the terms of this Protective Order or with appropriate safeguards agreed upon by all Parties or ordered by the Court, unless the Court or the Parties determine that no safeguards are necessary or appropriate. If such Confidential Information is used in depositions, such Confidential Information and all portions of the transcripts of such depositions and exhibits thereto that refer or relate to such information shall be treated as confidential.

The parties to this Stipulation agree that the United States District Court in and for the Central District of California shall have continuing jurisdiction over any and all disputes arising out of this Stipulation and Protective Order. Any party who violates the Protective Order will be subject to all available remedies, including but not limited to, monetary sanctions.

# **ORDER**

IT IS HEREBY ORDERED that, based upon the foregoing, this Joint Proposed Protective Order is GRANTED.

DATE: November 15, 2013

_____/s/ Stephen J. Hillman_____
Honorable Stephen J. Hillman
United States Magistrate Judge

AGREED AS TO FORM AND CONTENT:

Respectfully submitted,

Dated: November 14, 2013          BAKER & HOSTETLER LLP


By: /s/ Sabrina L. Shadi
    SABRINA L. SHADI
    DAMON M. BROWN

Attorneys for Defendants
DELAWARE NORTH COMPANIES
TRAVEL HOSPITALITY SERVICES,
INC. fka CA ONE SERVICES, INC.

Dated: November 13, 2013          NATANZI LAW GROUP, INC.


By: /s/ O. David Natanzi
    O. DAVID NATANZI

Attorneys for Plaintiff
LINDA GUZMAN

# EXHIBIT A

# CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Linda Guzman v. Delaware North Companies Travel Hospitality Services, Inc.*, *et al.,* Case No. EDCV 12-1926 VAP (SPx).  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my

1 participation in this Proceeding, whereupon the copies of such Materials will be
2 returned to counsel who provided me with such Materials.
3 / / /
4 / / /
5 / / /
6 / / /
7 / / /
8 / / /
9      I declare under penalty of perjury, under the laws of the State of California,
10 that the foregoing is true and correct.  Executed on _____, 2013, at
11 _____.
12 DATED: _____

BY:_____
Signature

_____
Title

_____
Address

_____
Telephone Number